CLIFFORD E. LUNDIN AND ANOTHER v.
ROGER W. STRATMOEN.

85 N. W. (2d) 828.

November 1, 1957—No. 37,061.

*Kief & Kief,* for appellants.
*Johanson, Winter & Lundquist,* for respondent.

MATSON, JUSTICE.

Appeal in an automobile collision case from an order denying a new trial.

The primary issue is whether a party litigant may under Rule 33 of Rules of Civil Procedure refuse to disclose the identity and location of witnesses on the ground that the information sought is solely within the knowledge of his attorney. Other issues relate to the denial of a new trial for newly discovered evidence, the submission of a special verdict, the admission of evidence, instructions to the jury, and whether the special verdict is sustained by the evidence.

This suit is for personal injury and property damages resulting from

a collision which occurred at the right-angle intersection of Third Street and Eureka Avenue in the city of Montevideo. Third Street, insofar as here involved, coincides with State Trunk Highways Nos. 7, 29, and 59 and is a through street with stop signs. In answer to interrogatories upon the issue of negligence, the jury found that the defendant driver was not negligent but that the plaintiff driver was negligent and that the latter's negligence was the proximate cause of the collision.

Taking, as we must, the view of the evidence most favorable to the jury's finding that the plaintiff driver was negligent and that the defendant was not, we have these facts. Defendant was driving north on Third Street at a speed less than 30 m. p. h. The plaintiff (the term plaintiff, unless otherwise indicated, is used herein to designate plaintiff driver, Clifford E. Lundin) was driving east on Eureka Avenue in an automobile owned by plaintiff's wife, plaintiff Avaline Lundin. At the time two automobiles were parked by the west curb of Third Street and one of these cars was so close to the south boundary of Eureka Avenue as to be in the prohibited area indicated by a yellow curb line. When the defendant was 80 to 90 feet from the intersection he, for the first time, saw plaintiff's car to his left near the sidewalk on the west side of the intersection approaching at a speed of from 10 to 15 m. p. h. Plaintiff, without decreasing his speed, entered the intersection and proceeded to cross defendant's driving lane. Plaintiff did not see defendant approaching from his right. When the defendant became aware that plaintiff was not going to stop, he applied his brakes, but not in time to avoid the collision. As shown by skid marks leading south on Third Street from the point of impact, defendant's brakes caused his car wheels to skid for a distance of 32½ feet.

The jury could reasonably conclude, in view of the fact that defendant's view was partially obscured by the vehicles parked near the west curb, that the defendant was not negligent in failing earlier to observe plaintiff's approach, and also that he applied his brakes as soon as he had reason to assume that the plaintiff would neither stop nor reduce his speed. On the other hand, the jury could reasonably find that plaintiff was negligent in failing to see defendant's vehicle ap-

proaching from his right and also in entering and proceeding across the intersection without stopping or reducing his speed. There was, of course, significant testimony to the contrary, but, in the light of the evidence as a whole, we cannot say that the jury erred in resolving the evidentiary conflict in favor of the defendant.

■ Must there, however, be a new trial because the defendant, in answer to interrogatories under Rule 33, for lack of personal knowledge, failed to disclose the identity and location of an eyewitness who was known to his attorney? Defendant asserts that, since interrogatories under Rule 33 are directed to a party litigant and not to his attorney, he need not disclose information within the sole knowledge of his attorney. He is wrong. It is not to be overlooked that the scope of examination under Rule 33 is the same as that afforded by Rule 26.02 for the taking of a deposition.[1] Furthermore, the knowledge of an attorney is imputed to his client so that, apart from privileged matters, interrogatories, under Rule 33, must be answered where they are relevant, although the party litigant to whom they are directed has no personal knowledge or information, if his attorney has such knowledge or information,[2] and this requirement includes the disclosure of the identity and location of witnesses.[3]

---

[1]Rule 33 of Rules of Civil Procedure; 2 Youngquist & Blacik, Minnesota Rules Practice, Authors' Comments to Rule 33, p. 147; 2 Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 766; 7 Cyclopedia of Federal Procedure (3 ed.) § 25.457; 4 Moore, Federal Practice (2 ed.) par. 33.03[7]; Chenault v. Nebraska Farm Products (D. Neb.) 9 F. R. D. 529, 532; Kingsway Press, Inc. v. Farrell Pub. Corp. (S. D. N. Y.) 30 F. Supp. 775.

[2]See, 2 Youngquist & Blacik, Minnesota Rules Practice, p. 147; 2 Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) §§ 766, 768; 7 Cyclopedia of Federal Procedure (3 ed.) § 25.457; 4 Moore, Federal Practice (2 ed.) par. 33.02; Hickman v. Taylor, 329 U. S. 495, 504, 511, 67 S. Ct. 385, 390, 394, 91 L. ed. 451, 459, 462; State of Maryland v. Baltimore & O. R. Co. (E. D. Pa.) 7 F. R. D. 666; Bernstein v. N. V. Nederlandsche-Amerikaansche, Etc. (S. D. N. Y.) 11 F. R. D. 48.

[3]See, Rule 26.02 of Rules of Civil Procedure; 2 Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) §§ 766, 650; 7 Cyclopedia of Federal Procedure (3 ed.) § 25.459; 4 Moore, Federal Practice (2 ed.)

 A violation of the new rules by failure or refusal, in answer to interrogatories, to disclose the identity and location of a witness, known either to the litigant or his attorney, although not to be countenanced by the court, is not of itself a ground which automatically requires the granting of a new trial. The question still remains whether the testimony which the concealed witness would have given had he testified will, as in other cases of newly discovered evidence, be likely to change the result if a new trial is granted. Although a litigant wrongfully deprived by his adversary of the identity and location of a witness need not in seeking a new trial show that he could not by reasonable diligence have discovered such witness before trial, he must nevertheless satisfy the requirement that the witness' testimony as new evidence is reasonably likely to change the result. Whether a new trial should be granted, as in other cases of newly discovered evidence, rests in the sound discretion of the trial court. In the exercise of its discretion with the respect to evidence suppressed by either an inadvertent or deliberate violation of the new rules, the trial court is justified in exercising a greater liberality in granting a new trial since it is in the public interest (as distinguished from a purely private interest) to discourage violations of the new rules.[4]

Here the wrongfully concealed witness was Fred J. Pedlar who saw the approaching cars and the collision as "he was walking south on the east sidewalk of Third Street about the middle of the block immediately north of this intersection." After considering Pedlar's testimony, as set forth in three affidavits, the trial court denied a new trial on the ground that the results would likely be the same. The court observed that Pedlar's testimony would be that defendant

---

pars. 33.21, 26.19, 33.03[7]; Johnson v. Queen City Coach Co. (E. D. Tenn.) 9 F. R. D. 686.

As to possible forfeiture of right to use a witness whose known identity and location was not divulged in answer to opposing parties' interrogatories, see Newsum v. Pennsylvania R. Co. (S. D. N. Y.) 97 F. Supp. 500. As to continuing nature of obligation to disclose identity of witnesses when knowledge of them is subsequently acquired, see Armstrong v. Diamond State Bus Lines (Del.) 125 A. (2d) 856.

[4]See, State ex rel. Trevarthen v. City of Eveleth, 179 Minn. 99, 103, 228 N. W. 447, 448.

Stratmoen was traveling 30 m. p. h. in a 30-mile zone except for certain measurements which would add nothing to the fact that the cars collided at a protected intersection when, by his own testimony, plaintiff said he did not see the defendant before the collision occurred. We cannot say that the trial court abused its discretion.

■ Plaintiff asserts that the trial court erred when, pursuant to Rule 49.01, it required the jury to return a special verdict in the form of answers to interrogatories directed to specific issues of fact. This point is not argued in plaintiff's brief and may therefore be deemed waived. An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered upon appeal unless prejudicial error is obvious on mere inspection.[5] We observe, however, that the court here did not abuse the broad discretion conferred upon it by Rule 49.01 in submitting the case to the jury upon special interrogatories. Likewise, no error occurred when the court inserted the sum of $202.43 in the special verdict as the amount of damages sustained by the defendant in the event he recovered on his counterclaim. The parties stipulated to the damages in that sum and no error occurred.

Plaintiff is in no position to predicate error on the court's action in submitting the issue of the ownership of the automobile to the jury since that issue was resolved in accord with plaintiff's contention that the car was owned by his wife. For the same reason no prejudicial error occurred when the trial court permitted cross-examination concerning the subrogation agreement since that too involved the issue of automobile ownership. No consideration will be given to alleged errors when no prejudice could possibly have occurred.

There was no occasion for the trial court to instruct the jury as to the statutory rule (M. S. A. 169.67, subd. 5) governing the adequacy of brakes since there was no evidence in the case to show that the brakes on either car were defective or inadequate in any respect. It is not error to omit instructions which involve nonexistent issues of fact. See, Forseth v. Duluth-Superior Transit Co. 202 Minn. 447, 278 N. W. 904.

---

[5]State, by Burnquist, v. Bollenbach, 241 Minn. 103, 124, 63 N. W. (2d) 278, 291; Kaehler v. Kaehler, 219 Minn. 536, 18 N. W. (2d) 312.

The order of the trial court is affirmed.
Affirmed.