ERB, by Guardian *ad litem,* and another, Plaintiffs, v. MUTUAL SERVICE CASUALTY COMPANY, Defendant and Appellant: RUNGE and another, Defendants and Respondents.

SCHUETTPELZ, by Guardian *ad litem,* Plaintiff and Respondent, v. SAME, Appellant: RUNGE, Defendant and Respondent.

*September 3—October 1, 1963.*

For the appellant there was a brief by *Welsh, Trowbridge, Bills, Planert & Gould* of Green Bay, and oral argument by *F. N. Trowbridge, Sr.*

For the respondents there was a brief by *Howard Eslien* of Oconto Falls, for Diane Schuettpelz, and *James A. Martineau* of Oconto, for Frederick Runge and Alfred Runge, Sr., and *Brunner & Strossenreuther* of Shawano, for Phyllis Erb, and oral argument by *Ovid B. Strossenreuther*.

DIETERICH, J.  No questions of negligence exist on this appeal. The sole issue is whether the trial court committed prejudicial error in refusing to grant a new trial to the appellant, Mutual Service Casualty Company, because of improper argument by counsel for defendants Runge.

The accident occurred on May 20, 1959, when a 1954 Ford driven by Frederick M. Runge overturned. Phyllis Erb and Diane Schuettpelz were passengers in the car. Phyllis Erb commenced an action against Mutual Service Casualty Company (hereinafter referred to as "Mutual Service"), Alfred Runge, Sr., and Frederick Runge. Diane Schuettpelz commenced an action against Mutual Service and Frederick Runge. The cases were consolidated for trial and tried on the single issue raised by the cross complaint of Mutual Service of whether or not the insurance policy issued by Mutual Service to Alfred Runge, Jr., as owner of the car, was in force at the time of the accident.

The complaints alleged that the automobile in question was owned by Alfred Runge, Jr., and was being driven by Frederick Runge with the owner's consent. Mutual Service had issued an automobile policy to Alfred Runge, Jr., which had an expiration date beyond May 20, 1959, the date of the accident. The policy contained an "assignment of interest" clause which provided that an "assignment of interest under this policy shall not bind Mutual Service until its consent is endorsed hereon; . . ." Mutual Service cross-complained and demanded judgment be entered declaring, on the basis of this clause, that the policy afforded no coverage to Frederick Runge. The cross complaint alleged that about one month before the accident, the automobile covered by the policy was sold by Alfred Runge, Jr., to his father, Alfred Runge, Sr., and that there was no assignment of interest consented to by Mutual Service under the conditions of the policy.

The record reveals the following facts: Alfred Runge, Jr., decided to sell his car while he was overseas in military service. At that time the car was located at his father's farm in Wisconsin. He mailed the certificate of title, which he had signed in blank, to his father Alfred Runge, Sr., along with a letter instructing him to take the car to a certain used-car

lot to be sold. The letter purportedly was destroyed and thus was not put in evidence. The name of Alfred Runge, Sr., was later written in the blank following the designation "purchaser" on the certificate, which was then mailed to the motor vehicle department. Runge, Jr., testified that he had not filled out the certificate to that effect, and Runge, Sr., admitted that his wife had filled in the blank space. In a statement taken before the trial, Runge, Sr., stated that he had agreed to pay for a part of the costs of his son's divorce as part of the purchase price for the car. Later in his testimony he denied this, but testified that he did pay $50 to start the divorce proceedings. Alfred Runge, Jr., denied any agreement to sell the car to his father, because he knew that if the car was sold to anyone other than his brother or his father he would not only receive the cash immediately, but also avoid any possible family dispute in the event the car was not a good buy. He testified that he did not give anyone permission to write in the name of Alfred Runge, Sr., as purchaser on the certificate of title.

The only question submitted to the jury in the special verdict was:

"Prior to the time of the accident in which the 1954 Ford automobile was involved, did Alfred F. Runge, Jr., owner of said automobile, sell said automobile to his father?"

Mr. Martineau, attorney for the defendants Runge, in his closing argument before the jury made the following statement:

"Mr. Eslien, Mr. Strossenreuther [attorneys for the plaintiff] and I, while we actually represent different people, we take the same position in this case that there was no act occurred, to wit: The sale of the automobile, which would void the insurance policy, and of course we are all concerned with that proposition . . ."

At this point Mr. Trowbridge, attorney for Mutual Service, entered an objection. The trial judge in sustaining the objection said:

"Just a minute, Mr. Martineau. Objection sustained. It is improper argument. You are attempting, and almost did, tell the jury the effect of their answer and I am going to have to instruct the jury contrary to that."

The trial court's instructions to the jury pertaining to the effect of their answer to the special verdict question were as follows:

"In deciding the fact inquired about in the single question submitted to you, you are not to decide who should win or lose this lawsuit. The legal effect of your answer is no concern of this jury. Witnesses have testified and there is some contradiction, and there is some dispute on material, important things. It is for you to determine wherein the truth lies. It is for this jury to resolve disputes of facts and it is for this Court later, after you have decided and resolved the disputes and decided the fact, to render judgment under the law. I repeat, it is not for you to decide who should win or lose this lawsuit."

The jury's answer to the question in the special verdict was "No."

After the verdict, Mutual Service moved for judgment notwithstanding the verdict, and, in the alternative for a change of the jury's answer, and for a new trial on grounds of improper argument by counsel for defendants Runge. The trial court denied the motions of Mutual Service, and granted the motions of Diane Schuettpelz, Phyllis Erb, Frederick Runge, and Alfred Runge, Sr., for judgment on the verdict.

The trial judge, in a written decision on the motions after verdict, stated as follows:

"The remarks . . . of Attorney James A. Martineau were indefensibly improper. It is not my opinion that the argu-

ment was inadvertently made because James A. Martineau is an able, experienced and very articulate lawyer. I am assuming that the argument was made as a calculated risk to tell the jury the effect of their answer to the single question submitted to them. . . .

"I am thoroughly convinced that the improper argument of James A. Martineau, attorney for the defendants, did not influence the jury at all and in the absence of such improper argument the verdict would have been the same. . . . I would not have hesitated one second to grant a mistrial if such a motion had been made by counsel for Mutual Service voluntarily or maybe suggested by the Court, if I thought otherwise.

"Prejudicial as the argument complained of could be under some circumstances, I feel constrained as a matter of conscience to hold that Mutual Service was not prejudiced by such argument."

The interlocutory judgment, as amended, provided that the insurance policy written by Mutual Service to Alfred Runge, Jr., was in full force and effect on the date of the accident, and ordered Mutual Service, along with Frederick Runge and Alfred Runge, Sr., to stand trial on the issues of liability and damages as alleged in the complaints.

Mutual Service does not claim on this appeal that the verdict is against the weight of the evidence and concedes that the jury could have found either way. However, it does contend that the improper statement of Mr. Martineau in his argument to the jury was sufficiently prejudicial so as to require a new trial.

Sec. 274.37, Stats., provides as follows:

"JUDGMENTS; APPLICATION TO REVERSE OR SET ASIDE; NEW TRIAL; REVERSIBLE ERRORS. No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made,

after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

The fundamental rule in this state is that it is reversible error for either the court or counsel to inform the jury of the effect of their answer on the ultimate result of their verdict, especially if it appears that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial. *Pecor v. Home Indemnity Co.* (1940), 234 Wis. 407, 419, 291 N. W. 313.

The trial court stated in its memorandum opinion that the remarks of Mr. Martineau were indefensibly improper and made as a calculated risk to inform the jury of the effect of their answer to the single question submitted to them. The trial court also felt that the argument was not inadvertently made due to the fact that counsel for defendants Runge is an able, experienced, and articulate lawyer. We determine that there is ample credible evidence which would sustain either an affirmative or negative answer to the question submitted to the jury. The argument of counsel, however, was calculated to inform the jury of the effect of their answer and, under the facts in the instant action, was sufficiently prejudicial so as to affect the substantial rights of Mutual Service, warranting the granting of a new trial. For further discussion on the subject, see *Corti v. Cooney* (1926), 191 Wis. 464, 211 N. W. 274; *Georgeson v. Nielsen* (1935), 218 Wis. 180, 260 N. W. 461; *McGaw v. Wassmann* (1953), 263 Wis. 486, 57 N. W. (2d) 920, 58 N. W. (2d) 663.

*By the Court.*—The judgments in the consolidated cases are reversed and causes remanded for a new trial.

FAIRCHILD, J., dissents.