**Andrew Sipiora, Administrator of the Estate of Leonard Sipiora, Deceased, and Jack L. Parrino, Administrator of the Estate of Daniel Proskurnja, Deceased, Joseph Long, a Minor, by Peter Long, His Father and Next Friend, and Sam Lazzara, Jr., a Minor, by Sam Lazzara, Sr., His Father and Next Friend, Plaintiffs-Appellants, v. The Chicago, Milwaukee, St. Paul and Pacific Railroad Company, a Corporation, Defendant-Appellee.**

Gen. No. 53,352.

First District, First Division.

May 19, 1969.

John Narusis, Jr., of Lazzara, Narusis & Stimson, of Chicago (John Narusis, Jr., of counsel), for appellants.

Reedy, McDonnell & Summers, of Chicago (Thomas J. McDonnell, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The present action was brought to recover damages occasioned by the alleged negligence of defendant in the operation of its train. The court entered judgment on the jury's verdict for the defendant. The plaintiffs take this appeal from said judgment.

The sole issue on appeal is whether the trial judge committed prejudicial error in his oral instruction to the jury thus warranting the granting of a new trial.

The facts in the instant case are not disputed. On August 19, 1962, plaintiffs were riding in an automobile which was involved in an accident with a Milwaukee Road train at a railroad crossing in the County of Reck, Wisconsin.

The case was tried in Chicago, Illinois, under the comparative negligence law of the State of Wisconsin. After the closing arguments of the litigants and after the court read the written instructions, the trial judge gave the following oral instruction to the jury:

> "Now since this case, folks, involved four plaintiffs, and the subject law of governing the case is Wisconsin law, rather than Illinois law, the verdicts are entitled, 'Special Verdicts.' As you may know, Wisconsin has a comparative negligence rule, and Illinois has a rule which bars the plaintiff from recovering at all if he has negligence, and if that negligence has contributed in any way to it. However, Wisconsin law is the opposite, comparative negligence. These verdicts will reflect that law."

Following the giving of the instruction the court read four "special verdicts" and explained that the jurors must answer each of the numerous questions contained therein with a "yes" or "no" answer if it were possible. Further, the jurors were informed that should they find both parties negligent, they should take 100% as a base and determine what percentage of all of the negligence was attributable to each of the parties.

The jury returned verdicts finding the driver, Leonard Sipiora, 75% negligent and setting his damages at $25,000. The jury found the three passengers in his car to be 50%, 60% and 50% negligent and set damages in the

amounts of $30,000, $60,000 and $3,000 respectively. In accordance with Wisconsin law the court entered a judgment for the defendant in the four consolidated lawsuits reflecting no recovery for any of the plaintiffs.

The plaintiffs contend that the trial court erred in instructing the jury when it suggested that plaintiffs could recover under Wisconsin law even though they were contributorily negligent. It is urged that the court's comments tended to inform the jury that the plaintiffs could recover irrespective of the degree or percentage of their negligence.

The defendant agrees with plaintiffs that it is reversible error for either the court or counsel to inform the jury of the effect of their verdict on the ultimate result of the case. The defendant, however, contends that the instruction of the trial judge in the present case did not so inform the jury.

Both parties cite the cases of Erb v. Mutual Service Cas. Co., 20 Wis2d 530, 123 NW2d 493; Pecor v. Home Indemnity Co., 234 Wis 407, 291 NW 313; Banderob v. Wisconsin Cent. Ry. Co., 133 Wis 249, 113 NW 738; and Anderson v. Seelow, 224 Wis 230, 271 NW 844.

In Erb suit was brought to recover damages against Frederick Runge and Alfred Runge Sr. for personal injuries resulting from an automobile accident. One of the impleaded defendants, Mutual Service Casualty Company, the insurer of the automobile, in its cross complaint denied coverage under an exclusion clause which prohibited sale of the automobile without consent of the insurer. The only question submitted to the jury was whether Alfred Runge Jr. sold the automobile to his father before the accident. The attorney representing Runge, in his closing argument, informed the jury that if a sale of the automobile had occurred, the insurance policy would be void. The jury found that there had been no sale. In reversing, the Supreme Court of Wisconsin

held counsel's argument was calculated to inform the jury of the effect of their answer and under the facts prejudiced substantial rights of the insurance company.

In Pecor the plaintiff's attorney practically informed the jury that if they gave an affirmative answer to a certain question of the special verdict the plaintiffs would be out of court. The remaining two cases merely repeat the proposition announced in the cases discussed above.

We are not in accord with plaintiffs' argument that if the judge had not given the oral instruction the jury could have come back with a different percentage ratio of negligence permitting actual recovery of money damages. We have carefully examined the oral instruction and do not discern that it was improper or prejudicial to the plaintiffs. The jury's verdicts clearly show that *the jurors did not know how to answer to enable a particular party to prevail.* The court's oral instruction, in our opinion, was given to help the jury understand that their verdicts would reflect the law in Wisconsin and did not affect their answers to the special interrogatories, the ultimate rights or liabilities of the parties, or the final judgment in the litigation. Nor do we agree with the plaintiffs that the comments of the judge tended to inform the jury that plaintiffs could recover something regardless, whether the plaintiffs were negligent to any degree or percentage. This argument can be made in all comparative negligence cases where the jury concludes that the plaintiff was 50% or more negligent and awards damages to plaintiff.[1]

Since the trial court's instruction to the jury was the only issue raised on appeal, we must assume that the jury was otherwise fully and accurately instructed

[1] Obviously, the jury is instructed to determine damages as a matter of course. Otherwise, they would know the effect of their determination of the comparative negligence of the parties.

as to every phase of Wisconsin law materially affecting the rights of each plaintiff and that there is ample evidence in the record to sustain the verdict.

The judgment of the Circuit Court is affirmed.

Affirmed.

ADESKO, P. J. and MURPHY, J., concur.