WAGNER, by General Guardian, and another, Appellants, v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY and others, Respondents.

*No. 287.  Argued September 30, 1974.—Decided October 29, 1974.*
(Also reported in 222 N. W. 2d 652.)

246

For the appellants there was a brief by *William E. Johnson* and *Johnson, Bieber & Kirkhuff,* all of Madison, and oral argument by *William E. Johnson.*

For the respondents there was a brief by *Steven J. Caulum* and *Aberg, Bell, Blake & Metzner,* all of Madison, and oral argument by *Carroll E. Metzner.*

HANLEY, J.  Three issues are presented by this appeal:

1. Should a new trial be granted because of alleged prejudicial remarks by defense counsel during argument?

2. Did the court err in not giving plaintiffs' requested instruction concerning the conclusive presumption against negligence by a child under the age of seven?

3. Should a new trial be granted under sec. 251.09, Stats.?

*Alleged prejudicial remarks.*

At the trial, defendant's counsel read his cross-examination of Officer Hackett into the record from a prior deposition taken in lieu of appearance at trial. The deposition contained the following sentence: "There was nothing at the scene to indicate that the vehicle had been driving at an excessive amount of speed or in a reckless manner." Prior to the presentation of this testimony to the jury, counsel had engaged in extensive discussion in chambers as to its admissibility, during which time plaintiffs' counsel opposed its admission. The trial court initially ruled it inadmissible; however, upon resumption of the trial, the trial court inadvertently allowed defense counsel to read the above-quoted passage.

As the trial reconvened on October 24, 1972, the trial court acknowledged that it had committed error in admitting the aforementioned testimony, gave a corrective instruction to the jury and stated that it would grant a mistrial to plaintiff if so requested. During subsequent proceedings in chambers, plaintiff agreed to waive his motion for a mistrial upon the agreement of defense counsel that no further reference would be made to the stricken testimony.

Subsequently, during counsel's final argument to the jury, defense counsel made the following statement:

"Ladies of the jury, ask yourselves when you get to the jury room as to where [sic] there was any evidence that Julie Hockett traveled at an excessive speed or was in any way driving in a reckless manner."

After objection, the trial court instructed the jury that recklessness was not involved in the case and that only

negligence was the proper question before it. Plaintiffs' counsel made no motion for a mistrial at this time but indicated that he would make a further record later. After close of argument, defense counsel moved for a mistrial based on some of his objections, but plaintiffs' counsel made no further motions with regard to the objectionable argument of defense counsel.

After the jury returned its verdict, plaintiffs moved for a new trial and now assert as error the trial court's denial of that motion. We think plaintiffs have waived their right to assert the alleged impropriety of defendants' final argument by their failure to move for a mistrial before the verdict of the jury was rendered. This court has repeatedly held that a timely motion for mistrial is imperative. *State v. Ruud* (1969), 41 Wis. 2d 720, 165 N. W. 2d 153; *Ash v. American Family Mut. Ins. Co.* (1967), 33 Wis. 2d 592, 148 N. W. 2d 58; *Zweifel v. Milwaukee Automobile Mut. Ins. Co.* (1965), 28 Wis. 2d 249, 137 N. W. 2d 6.

This court's commendation of the trial court's withholding of a decision on a motion for mistrial until after the verdict was rendered in *Klein v. State Farm Mut. Automobile Ins. Co.* (1963), 19 Wis. 2d 507, 510, 120 N. W. 2d 885, cannot be read as a right for the objecting party to take a wait-and-see approach as plaintiffs' brief would suggest. Rather, this court has said that counsel cannot wait until after verdict and then move for a new trial and thus speculate for his own benefit upon the possible outcome of the proceedings. *Jansen v. Vils* (1967), 34 Wis. 2d 332, 149 N. W. 2d 551.

Even if plaintiffs had not waived their right to assert error in the final argument, we are satisfied that the trial court did not abuse its discretion in denying a new trial. A motion for a new trial based upon allegedly prejudicial argument by opposing counsel is addressed to the discretion of the trial court. *Jansen v. Vils, supra.* In order to show an abuse, it must affirmatively appear that the

remarks operated to the prejudice of the complaining party. *Roeske v. Schmitt* (1954), 266 Wis. 557, 64 N. W. 2d 394. The words "affirmatively appear" mean that the court must be convinced that the verdict reflects a result which in all probability would have been more favorable to the complaining party but for the improper argument. *Klein v. State Farm Mut. Automobile Ins. Co., supra,* page 510, fn. 1.

This court has indicated that one measure of the fact of prejudice is an excessive or inadequate award of damages or findings that are against the weight of the preponderance of the evidence. *Roeske v. Schmitt, supra,* page 573. A complete review of the record in this case is not convincing that the findings of the jury were against the preponderance of the evidence.

Plaintiff relies on cases which indicate that there are some types of improper argument which are so prejudicial as to be incapable of correction by proper instruction by the trial court. This court has held that where such argument has been made and where the evidence was sufficient on either side to warrant a finding for either party, this court would order a new trial so that the issues could be fairly tried without the influence of the prejudicial remarks. *Erb v. Mutual Service Casualty Co.* (1963), 20 Wis. 2d 530, 123 N. W. 2d 493 (argument informed jury of the effect of its answers on the outcome of the case). *C. F. Corti v. Cooney* (1926), 191 Wis. 464, 211 N. W. 274 (witness credibility essential to case and opposing attorney attempted to introduce what was incorrectly asserted to be a conviction for adultery).

The present case does not involve conduct as intentionally prejudicial as that in *Erb, supra,* and *Corti, supra.* Whatever prejudicial tendency the alleged remarks in this case might have had, it was such that could be corrected by the instructions which the trial court gave. The trial court gave a prompt instruction to the effect that only negligence, not recklessness, was to be considered by the jury as the proper test.

*Instructions to jury.*

Plaintiffs contend that it was error for the trial court to refuse to instruct the jury that because of plaintiff's age at the time of the accident it is conclusively presumed that plaintiff is incapable of negligence. Sec. 891.44, Stats. On the other hand, defendants point out that there was no issue of plaintiff's negligence presented by the pleadings or by the evidence, nor was the issue submitted to the jury.

The law in this regard is clear. This court has repeatedly held that where an issue of fact is not in the case and is not submitted to the jury as an ultimate factual issue, an instruction based thereon, while a proper abstract of the law on that issue, should not be given to the jury. *Levner v. Northland-Greyhound Lines* (1939), 231 Wis. 554, 286 N. W. 68; *Madison Trust Co. v. Helleckson* (1934), 216 Wis. 443, 257 N. W. 691; *Lehner v. Berlin Publishing Co.* (1933), 211 Wis. 119, 246 N. W. 579.

Plaintiff relies on the following cases: *Shaske v. Hron* (1954), 266 Wis. 384, 63 N. W. 2d 706; *Bell v. Duesing* (1957), 275 Wis. 47, 80 N. W. 2d 821; and *Gremban v. Burke* (1966), 33 Wis. 2d 1, 146 N. W. 2d 453.

*Shaske, supra,* held that a minor under the age of five and one-half years was incapable of negligence and being held liable therefor. In *Bell, supra,* this court held that a jury could consider the fact that the plaintiff was only six months over the age of five and one-half years in apportioning liability between the plaintiff and the defendant. The legislature created sec. 328.44, Stats., in 1959 (now sec. 891.44) which established the current seven-year rule. Then, in *Gremban, supra,* this court held that it was improper to instruct the jury as to the statute where the child was just over seven years. This court, in dicta, rejected appellant's contention in *Gremban* that *Bell* should be read to mandate the instruction because of the proximity in age between the statutory limit and the age of the minor in question, pointing out that previous rulings had held that a minor under the age of

seven could be guilty of negligence *in fact* although the statute prevented one from being negligent *in law*. This court then stated that the jury could consider that a child under the age of seven could be guilty of some negligence and thus it was improper to suggest, as the instruction on the statute would have, that the jury should measure the minor's intelligence at age seven plus by what it would have been at seven.

Plaintiffs in this case conclude from the latter three cases cited that the minor below five and one-half is either incapable of any type of negligence or it is capable of negligence *in fact* which negligence may be considered by the jury. In either event, plaintiffs contend it is necessary for the trial court to instruct the jury that the statute prohibits them from finding plaintiff negligent as a matter of law. Thus, plaintiffs are saying that if the jury can consider plaintiff's conduct and conclude that she was negligent in fact, the instruction is necessary to insure that they don't confuse this with being negligent in law.

This argument misses the point. Plaintiffs are trying to create a factual issue where one doesn't exist by reading the *Gremban* dicta to mean that any jury, in any case, is free to consider the actions of the minor as negligent, thereby reducing the negligence attributable to the other party in the accident. The cases cited by plaintiffs do not stand for this proposition. In each case cited, the potential negligence of the minor was properly put in issue and submitted to the jury as an ultimate factual question. Such is not the case here. Plaintiffs fail to distinguish between the case where the minor is denied recovery because of its own negligence and the case, as here, where the minor is denied recovery, although *sui non juris*, because the defendant is free from negligence. It is not necessary to consider the actions of the minor as possibly being negligent to relieve the defendant of liability. Rather, defendant's conduct is viewed by the jury in its

own right, given the circumstances of the case, for the purpose of determining whether it constituted negligence. While plaintiff's conduct becomes a circumstance in the case, it does not become an ultimate issue unless so framed by the pleadings.

We are of the opinion that the possible negligence of the minor plaintiff was not an issue in the case and as such it would not have been proper for the trial court to instruct the jury in regard to the conclusive presumption of sec. 891.44, Stats.

*New trial under sec. 251.09, Stats.*

In passing on the question of whether a new trial should be ordered, this court must determine whether the real controversy has been fully and fairly tried and be convinced that there has been no miscarriage of justice viewing the case as a whole. Sec. 251.09, Stats.; *Shier v. Freedman* (1973), 58 Wis. 2d 269, 206 N. W. 2d 166, 208 N. W. 2d 328.

Plaintiffs assert the following as a list of errors, the cumulative effect of which is said to have resulted in a miscarriage of justice:

1. Defense counsel's introduction of that part of the officer's deposition relating to the lack of reckless driving.

2. Defense counsel's improper final argument.

3. Inadequate corrective instructions by the trial court following the improper final argument.

4. Failure of the trial court to instruct jury concerning sec. 891.44, Stats.

The record as a whole is persuasive that these errors, if they be errors in fact, did not prevent the real issues from being fully and fairly tried or occasioned a miscarriage of justice. Each of the first three alleged errors were quickly remedied by the trial court by adequate corrective instructions. As to the fourth alleged error, we have determined that it would not have been proper

to instruct in regard to conclusive presumption of sec. 891.44, Stats. In addition, there is substantial credible evidence to support the verdict of the jury as pointed out in the trial court's memorandum opinion wherein it denied granting a new trial in the interest of justice.

*By the Court.*—Judgment affirmed.