**Susan MARQUETTE, a minor, by John Marquette, her father and natural guardian and John Marquette, Individually, Appellants,**

v.

**William Alan PROCHAZKA, Respondent.**

**No. 49345.**

Supreme Court of Minnesota.

Jan. 11, 1980.

Oppenheimer, Wolff, Foster, Shepard & Donnelly and Craig W. Gagnon, St. Paul, for appellants.

Oren N. Westling, Mary Jeanne Coyne, Minneapolis, for respondent.

Heard before PETERSON, TODD, and YETKA, JJ., and considered and decided by the court en banc.

TODD, Justice.

Susan Marquette, a 2-year-old child, was injured when struck by an automobile driven by William Prochazka. At trial, Susan was held not negligent as a matter of law, and the issue of parental negligence was not submitted to the jury. The trial court, however, refused a request to affirmatively instruct the jury that neither Susan nor her parents were contributorily negligent. The jury found Prochazka not negligent. We affirm.

A detailed statement of the facts of the accident is unnecessary since the only issues raised on appeal relate to the trial court's denial of requested instructions. Plaintiff contends that the instructions should have been given because the issue of contributory negligence was presented to the jury through comments of the court or the testimony at trial. In the alternative, plaintiff contends that the trial court was required as a matter of law to affirmatively advise the jury that neither she nor her mother was contributorily negligent.

■ 1. In a post-trial motion and at a supplemental hearing, plaintiff's counsel vigorously contended that the trial court had raised the issue of contributory negligence by reading the pleadings of the parties to the jury at the voir dire. The defendant's answer contained an allegation of contributory negligence. Although the trial judge could not recall exactly what she told the voir dire, she said that her habit was to read to the voir dire from the pretrial order. The pretrial order in this case defined the issues involved as follows: "Plaintiff claims that the defendant is negligent as to lookout and control. Defendant denies negligence." Conspicuously absent was any reference to contributory negligence. Defense counsel asserted that he had affirmatively requested that the issue of contributory negligence not be raised since he presumed, correctly as it turned

out, that the issue would not be allowed as a matter of law. No transcript of the judge's comments exists. Based upon this record, we must reject the contention that the issue of contributory negligence was presented to the jury by the trial court.

We have scrutinized the direct and cross-examination of Virginia Marquette, Susan's mother. We find nothing that would suggest that the parties litigated before the jury the mother's alleged negligent supervision of Susan.

■ 2. Having concluded that contributory negligence was not presented to the jury, we consider whether the trial court was nevertheless required to affirmatively advise the jury of Susan's and her mother's nonnegligence. Plaintiff's counsel argues that the failure to so instruct clouded the jury's ability to focus upon the negligence of the defendant. Such a proposition is appealing and not without merit. The feeling exists that a child, even one of tender years, is somehow "wrong" in being upon a public street without supervision. Plaintiff contends that unless this spector was affirmatively removed from the case, the jury could not have properly focused its attention upon the acts of the defendant which are alleged to be negligent. Defense counsel argues that in view of the limited inquiry posed by the special verdicts here,[1] the principle enumerated in *Lundin v. Stratmoen*, 250 Minn. 555, 85 N.W.2d 828 (1957), seems most appropriate. " * * * It is not error to omit instructions which involve nonexistent issues of fact." 250 Minn. at 560, 85 N.W.2d at 833. The limited case law in the area of nonnegligence of small children supports the defendant's position. The Wisconsin Supreme Court in *Wagner v. American Family Mutual Ins. Co.*, 65 Wis.2d 243, 222 N.W.2d 652 (1974), rejected plaintiff's contention that it was error for the trial court to refuse to instruct the jury that because of plaintiff's age at

1. Question No. 1:
   Was the defendant, William Allen Prochazka, guilty of negligence in the manner in which he operated his automobile at the time of the accident here involved on June 25th, 1973?

* * * * * *
Question No. 2:
   If you answer Question No. 1 "Yes", was such negligence a direct cause of the accident?
* * * * * *

the time of the accident, it was conclusively presumed that the plaintiff was incapable of negligence. " * * * This court has repeatedly held that where an issue of fact is not in the case and is not submitted to the jury as an ultimate factual issue, an instruction based thereon; while a proper abstract of the law on that issue, should not be given to the jury." 65 Wis.2d at 251, 222 N.W.2d at 657. Responding to a similar contention, the Kentucky Supreme Court stated: "The purpose of jury instructions is to define the law on issues that are raised. If no issue is presented, it is not usually necessary to give an instruction on the subject." *Keller v. Eldridge,* 471 S.W.2d 308, 310 (Ky.1971).

We decline to adopt the absolute approach of the Wisconsin court. The possibility exists that a jury may focus its attention upon the actions of a nonnegligent minor rather than upon the actions of the defendant. Rather, we believe the discretionary approach indicated by the Kentucky court is more reasonable and more consistent with our decision in *Lundin.* We conclude, therefore, that the trial court must use its discretion when deciding whether to give the instruction on nonnegligence. In this close case we feel that it would have been appropriate if the court had given the instruction. It was not an abuse of discretion, however, for the court to refuse to give it.

Affirmed.

PETERSON, Justice (concurring specially).

I concur in affirmance on the ground it cannot be error to omit instructions which involve nonexistent issues of fact. *Lundin v. Stratmoen,* 250 Minn. 555, 85 N.W.2d 828 (1957).

YETKA, Justice (dissenting).

I would reverse and adopt a rule that in a case of a minor under the age of 7 years, an instruction be mandatory that the child not be negligent as a matter of law. To allow it to be discretionary on the part of the trial judge whether to give or not to give such

an instruction will, in my opinion, result in confusion and chaos in the law. Some judges may give such an instruction as a matter of course while others might always refuse to give it. Here, clearly the instruction is warranted where the child is *only 2 years old.* In absence of such an instruction, the jury will, and undoubtedly did in this case, speculate whether the child is to be deemed negligent or contributing to the accident when in fact the only issue it should decide on liability is whether the driver was negligent.