## LIND v. HARDING et al.

No. 14821—Opinion Filed Oct. 14, 1924.

1. **Appeal and Error—Discretion of Lower Court—Grant of New Trial.**

The granting of a new trial, on the ground of newly discovered evidence, is a matter largely within the legal discretion of the trial court, and unless this court can say that there has been an abuse of such discretion the judgment of the trial court should not be disturbed.

2. **New Trial—Newly Discovered Evidence —Showing of Diligence.**

To entitle one to a new trial on the ground of newly discovered evidence, he must show, in addition to other essential facts, that he had exercised due diligence to discover the same in time.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court. Tulsa County; Redmond S. Cole, District Judge.

Action by George W. Harding and B. S. Stanford, doing business as Harding and Stanford, against D. A. Lind. Judgment for plaintiffs, and defendant appeals. Affirmed.

Elliott & Webb, for plaintiff in error.

Bell, Hickman & Salter, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Tulsa county, Oklahoma, on the 22nd day of June, 1920, by the appellees, plaintiffs in the trial court, against the appellant, defendant in the trial court, on two causes of action. The first cause of action was to recover $300 on a bank check bearing date of June 14, 1920, which defendant had given the plaintiffs and caused same to be protested. The second cause of action was to recover $585.50 on a bank check, bearing date of June 22, 1920, which defendant caused to be protested, and payment on both of said checks was refused, wherefore plaintiffs pray judgment for the aggregate sum of $887.10. On the filing of the petition a writ of attachment was asked for and issued, under which the sheriff took possession of certain cattle belonging to the defendant. The defendant files her answer generally denying all of the matters set up in plaintiffs' petition and specifically denies the allegations of the petition under which the writ of attachment was issued, and as a defense to plaintiffs' cause of action avers that the checks upon which plaintiffs' cause of action is based was the purchase price of 21 head of cattle purchased by the defendant from plaintiffs; that defendant was engaged in the butcher business and bought the cattle for that purpose; that plaintiffs represented said cattle to be fat and in good condition and suitable for butchering, when in fact said cattle were unfit for butchering, and the defendant was unable to use any of the cattle, except three head, which she paid for by separate check. Upon the issues thus joined the cause was submitted to the court without the intervention of a jury on the 15th day of June, 1922, and resulted in a judgment in favor of the plaintiffs and against the defendant for $776.60, and sustaining of the attachment.

A motion for new trial was filed and overruled on the 17th day of June, 1922, from which order and judgment of the court, so far as the record discloses, no appeal was taken, and thereafter on the — day of June, 1922, as disclosed by the record, a second motion for new trial was filed by the defendant upon the ground of newly discovered evidence, which was likewise overruled by the court, and from which order and judgment of the court, the defendant duly prosecutes this appeal, and assigns as error the following specifications of error:

"The court erred in overruling the motion of plaintiff in error for new trial, to which action of the court said plaintiff in error at the time duly excepted."

The only question for our determination in this case is that of whether or not there was an abuse of discretion by the court in overruling the motion for a new trial based on newly discovered evidence. The record discloses that attached to the second motion for new trial were three affidavits of parties who claimed to have been present at the time the sheriff executed the writ of attachment, which state that the sheriff attached and took away six head of cattle, rather than three head, as testified to by the officer serving the attachment, on the trial of the case, and for which number of cattle the defendant received credit by the court in rendering its judgment.

Appellant calls attention to section 572, subdivision 7, Comp. Stats. 1921, which is the general statute authorizing the granting of new trials, and the 7th subdivision there-

of, authorizes the granting of a new trial on the ground of newly discovered evidence, and is as follows:

"Newly discovered evidence, material for the party applying, which he could not with reasonable diligence, have discovered and produced at the trial."

This is the only authority cited by appellant in her brief. The granting of a new trial on the ground of newly discovered evidence is a matter largely within the legal discretion of the trial court, and unless this court can say that there has been an abuse of such discretion, the judgment of the trial court should not be disturbed. See R. C. L. vol. 20, p. 226, art. 12, and art. 72. The one thing that determines the issue here involved is that of whether or not the appellant has shown that reasonable diligence was exercised to discover and procure the evidence upon which the motion for new trial is based, and denominated newly discovered evidence, before the trial of the case; on this point appellant has wholly failed, as the record contains no statement which would indicate that any diligence was used in an effort to procure the witnesses who now make the affidavits, nor does the record show that appellant did not know of the witnesses, and of the facts which they would testify to if called as witnesses, before the trial of the case.

The appellee calls attention to the case of Wiers v. Treese, 27 Okla. 774, 117 Pac. 182, wherein this court said:

"Where no diligence is shown to have been exercised to secure for submission on the trial alleged newly discovered evidence presented in support of a motion for new trial, the denial thereof is not error."

In the case of Straughan v. Cooper, 41 Okla. 515, 139 Pac. 265, this court said:

"A motion for a new trial upon the grounds of newly discovered evidence may be denied if facts constituting due diligence to discover same in time for the trial be not stated therein."

And in the case of Herring v. Hood, 55 Okla. 737, 155 Pac. 253, the following rule is announced:

"To entitle one to a new trial on the ground of newly discovered evidence, he must show, in addition to other essential facts, that he had exercised due diligence to discover the same in time."

These authorities clearly announce the correct rule, and applying same to the facts in this case as disclosed by the record, we are not prepared to say that there was any abuse of discretion on the part of the trial court in refusing to grant the motion for new trial based on the ground of newly dis-covered evidence, and we therefore recommend that the case be affirmed.

By the Court: It is so ordered.