## BERLINE v. BERLINE.

No. 22214.  Opinion Filed Sept. 15, 1931.

Sargent & Ross, for plaintiff in error.

Claude Weaver and Ridings & Drennan, for defendant in error.

CLARK, V. C. J.  This action was commenced in the district court of Grant county, Okla., by Lee Berline, defendant in error, against Ora Berline, plaintiff in error, for divorce.  The parties will be referred to as they appeared in the trial court.

Plaintiff alleged in his petition that defendant had defeated and destroyed the end of matrimony by fault-finding and hectoring and prayed for divorce.

Defendant filed answer and cross-petition, alleging extreme cruelty, abandonment, and adultery, and asked for divorce, division of property, and custody of the children.

Trial was had.  The defendant was granted a decree of divorce on the grounds of abandonment for a period of more than one year, and she was also awarded the custody and control of the two children of said marriage, Helen Berline, age 13 years, and Robert Berline, age 9 years.  Plaintiff was to have reasonable opportunity to visit the children at reasonable times.

Plaintiff was adjudged to pay to the defendant for the care and maintenance of Helen Berline the sum of $60 per month until she arrived at the age of 18 years on the 19th day of October, 1936.  Plaintiff was further ordered to pay to the defendant for the care, maintenance and education of Robert Berline the sum of $50 per month for a period of 10 years, at which time the said Robert Berline will be 19 years of age. Defendant was awarded alimony in the sum of $8,000 and plaintiff is ordered to pay $100 on December 1, 1930, and $100 on the first day of each and every succeeding month thereafter for a period of one year, down to and including October 31, 1931.  On November 1, 1931, he was ordered and adjudged to pay the defendant the sum of $3,400 with interest at 6 per cent, from date of judgment. He was further ordered and adjudged to pay the defendant the sum of $3,400, November 1, 1932, with interest at the rate of 6 per cent. per annum from date of judgment.

He was ordered to pay $500 attorney fees. From said order and decree of alimony the defendant appeals to this court.

The first contention is, the court did not award to the defendant a reasonable amount of alimony.  The record dicloses that property of plaintiff consisted of farm lands given him by his father, subject to the life estate of his mother; and oil royalty owned by the plaintiff at the date of the trial.

The record further discloses that after the separation of plaintiff and defendant and prior to the trial, the plaintiff permitted defendant to check on his bank account for expenses for maintenance of herself and her two children, approximately $200 per month.

The record further discloses that she paid out $300 to a detective in preparation for this suit, which was paid by check on plaintiff. That she paid $200 to her attorneys that was paid by check on plaintiff.

The trial court had the witnesses before it and went into this case fully as to the value of property owned by the plaintiff.

A careful examination of the record and briefs in this case discloses that there was a conflict in the testimony as to the value of the property owned by plaintiff, and the well-known fact that such values fluctuate, this court cannot say that the judgment of the trial court is clearly against the weight of the evidence.  Following the well-known rule of this court in equity cases, if the judgment of the trial court is not clearly against the weight of the evidence, the judgment will not be disturbed by this court on appeal.

It is next contended by plaintiff in error, defendant below, that defendant should have been given an opportunity to introduce the newly discovered evidence as set forth in the supplemental motion for a new trial.

This court in Lind v. Harding et al., 103 Okla. 265, 229 Pac. 821, in the first syllabus said:

"The granting of a new trial, on the ground of newly discovered evidence, is a matter largely within the legal discretion of the trial court, and unless this court can say that there has been an abuse of such discretion the judgment of the trial court should not be disturbed."

A careful examination of the record in this case discloses that the court did not abuse its discretion in denying supplemental motion for a new trial. It was the contention of the defendant that an oil well had been brought in on land in which plaintiff owned an interest in the royalty, subsequent to the trial, for that reason the court should grant a new trial and permit the defendant to introduce evidence as to the wealth of the plaintiff. It was in the sound discretion of the trial court, and the case should be tried upon the conditions that existed at the date of trial and not subsequent conditions or change of conditions of the parties thereafter.

Judgment of the trial court is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (1) annotation in L. R. A. 1916B, 569; 2 R. C. L. 211; R. C. L. Perm. Supp. p. 383; R. C. L. Pocket Part, title Appeal, § 175. (2) 2 R. C. L. 217; R. C. L. Perm. Supp. p. 387; R. C. L. Pocket Part, title Appeal, § 182.