L. E. RICHARDSON, Plaintiff in Error,

v.

Charlene DAVIS, Defendant in Error.

No. 41843.

Supreme Court of Oklahoma.

March 5, 1968.

**950**

M. L. Thompson, H. McKinley Rowan, J. J. Bruce, Fenton, Fenton, Smith, Reneau

& Moon, by Marian P. Opala, Oklahoma City, for plaintiff in error.

Wilbert Smith, Doyle Scott, Oklahoma City, for defendant in error.

PER CURIAM:

The appellate jurisdiction of this Court has been invoked concerning, and only concerning, whether error was committed by the trial court in disposition of the issue raised by a motion for a new trial based on grounds of newly discovered evidence. The trial court's decision on the merits was rendered April 8, 1965, in favor of the defendant below, defendant in error here. Plaintiff below, plaintiff in error here, filed motion for new trial on April 16, 1965. On June 4, 1965, this motion was amended to incorporate an allegation of newly discovered evidence as an additional ground for new trial. The amended motion for new trial was overruled June 18, 1965. No notice of intent to appeal was given from that final order.

Plaintiff thereafter filed a second motion for new trial on June 29, 1965, and a third motion for new trial on November 12, 1965. These latter motions each asserted newly discovered evidence supported by affidavits. The petition in error with case-made attached was filed in this Court January 28, 1966.

The trial court's judgment on the merits is not reviewable in this Court because the appeal was not brought within six months from June 18, 1965, the date of the final order disposing of the motion for new trial filed April 16, 1965, and amended June 4, 1965, as required by 12 O.S.Supp. 1963, § 972. Reed v. Moore, Okl., 386 P.2d 763. And, for the additional reason of failure to give notice of intent to appeal as required by 12 O.S.1961, § 954. Crews v. Shell Oil Co., Okl., 406 P.2d 482. Judgment of the trial court disposing of the motion for new trial based on newly discovered evidence, which plaintiff filed November 12, 1965, was proper for the reason such issue at that time could be raised only by compliance with the provisions of

12 O.S.1961, § 655. This statute requires a petition and issuance, service and return of summons, or constructive notice by substitute service of process, or notice to the attorney of record for defendant in the original action.

The motion for new trial based on newly discovered evidence filed June 29, 1965, was filed within term, and properly invoked the jurisdiction of the trial court as a motion to vacate judgment. The trial court's action overruling the motion filed June 29, 1965, is properly reviewable before this Court on the record brought by plaintiff in error. That final order was entered by the trial court July 29, 1965, and notice of intent to appeal was given in open court. Appeal by case-made was lodged in this Court January 28, 1966. None of the several other contentions by the plaintiff in error are reviewable on appeal to this Court because of failure of jurisdiction.

We confine ourselves to the legality and propriety of the trial court's disposition of the June 29, 1965, motion for a new trial based on newly discovered evidence. This motion refers to the annexed affidavits by J. D. Lee, Prucella Tuggle and Lucille A. Troup. Although no reference is made thereto, there is also annexed to the motion the affidavit of S. R. Youngblood.

Lucille Troup is a resident of Tulsa. The newly discovered evidence which her affidavit avers concerns what could at best be an admission against interest by defendant, Charlene Davis. Events related by the affidavit occurred in Oklahoma City, on or about December 6, 1964, and concern a conversation between affiant, the defendant, and a man apparently named Mosiac otherwise identified as the man whom defendant had been engaged to marry for approximately the preceding two years. Affiant propounded to defendant, in the presence of her fiance, a question concerning why they were not immediately being married. Dissimulation of some sort inevitably would ensue in any polite society. The question was rude and the response swift, casual and general. Defendant answered that she had

indebtedness to pay, "car payments and other bills." The testimony of affiant, when adduced in its true context, could not have constituted a turning point in the litigation even if timely adduced.

The newly discovered evidence averred by affidavit of Prucella Tuggle is simply a denial by defendant that she owed plaintiff any money. The newly discovered evidence averred in the affidavit of J. D. Lee constitutes nothing more than a casual denial of an impliedly alleged meretricious relationship between plaintiff and defendant, an insinuation made in a public place to the defendant by affiant. The affidavit of S. R. Youngblood contains the sworn statement that plaintiff had never theretofore spent a night in the Youngblood Hotel under any circumstances. This evidence cannot be newly discovered. At the trial defendant stipulated Mr. Youngblood would so testify if present.

■ A motion for new trial on the ground of newly discovered evidence must allege, under verification, evidence having six characteristics. The evidence must have been discovered since trial; be such that with due diligence it could not have been discovered before trial; must be material; cannot be merely cumulative; must do more than merely impeach or contradict the former evidence; must be such as will probably change the result in the event a new trial is granted. Bates v. Winkle, 208 Okl. 199, 254 P.2d 361.

■■ The granting of a new trial on the ground of newly discovered evidence rests to a large extent in the discretion of the trial court, whose decision will not be disturbed by this Court where no abuse of such discretion is shown. States Exploration Co. v. Reynolds, Okl., 344 P.2d 275. The trial court's evaluation of the proffered newly discovered evidence does not constitute an abuse of discretion, and hardly could have been otherwise. No error was committed in the order refusing a new trial on the motion, filed June 29, 1965, based on newly discovered evidence and that judgment of the trial court is affirmed.

No other allegations of error are considered because of jurisdictional failure.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, BERRY and LAVENDER, JJ., concur.

DAVISON, HODGES and McINER-NEY, JJ., concur in result.