**Byron Glenn GIFFORD, Executor of the Estate of Mary L. Lawton, Deceased, Plaintiff in Error,**

**v.**

**John G. LAWTON, Defendant in Error.**

**No. 42618.**

Supreme Court of Oklahoma.

April 8, 1969.

Rehearing Denied May 6, 1969.

divorce. A decree of divorce was awarded to the defendant wife January 21, 1967, on her cross-petition. The parties will be referred to by their trial court designation.

As a preliminary to deciding the case on its merits it is necessary to pass on a motion by plaintiff to dismiss the appeal based on the theory of estoppel, asserting that the defendant, and, subsequent to her death her personal representative, have accepted benefits under the trial court judgment. The motion to dismiss is denied on the authority of Marshall v. Marshall, Okl., 364 P.2d 891.

There was awarded to the defendant an alimony judgment of $4800 payable at the rate of $200 per month commencing February 1, 1967, and an additional sum of $7200 as alimony payable in like installments, commencing February 1, 1969. The judgment provided, however, that the larger postponed part of the alimony judgment should automatically cease upon the death or remarriage of defendant. The abatement proviso in the alimony award is based on the effective statute, 12 O.S.Supp.1965, § 1289 (Statute 1965, Chapter 344) which provides that in a divorce decree which provides for periodical payments of alimony, the court may, in its discretion, declare that the obligation to pay future installments automatically ceases on the death or remarriage of the person receiving the alimony. No appeal was taken from this judgment.

Subsequent to the entry of the decree the defendant was stricken with a rapidly developed terminal carcinoma from which she died on September 5, 1967. On September 24, 1968, the cause was revived in the name of Byron Glenn Gifford, executor of the estate of Mary L. Lawton, deceased.

Prior to her death the defendant, on June 30, 1967, and within the term, filed in the trial court a motion for new trial. The motion sought a new trial on the ground of newly discovered evidence, seeking a redivision of property and seeking to vacate the abatement provision of the award of alimony of $7200. The motion for new

Harry T. Hudson, Stanley Johnston, Oklahoma City, for plaintiff in error.

Miskovsky, Sullivan, Embry, Turner & Gregg, Oklahoma City, for defendant in error.

DAVISON, Justice.

John G. Lawton as plaintiff sued his wife Mary L. Lawton, now deceased, for

trial was denied and this appeal in simplified form was then perfected.

In addition to the decree awarding alimony, as above, the trial court in making a division of the property awarded to the defendant the household goods, furniture, equipment and effects in her possession free from any indebtedness thereon, and equal division of the money in their joint bank account and a pet dog. Plaintiff was awarded an undisclosed sum as cash on hand, professional equipment as a doctor of optometry, a 1960 Model Edsel automobile and the undisclosed amount of equity in the family residence, all subject to the existing indebtedness thereon. The plaintiff had been required to pay suit money and temporary attorney fees.

The evidence disclosed that at the time of their marriage, some 8 years before their divorce, the plaintiff had $2000 and the defendant had $700. The evidence further showed that the plaintiff was an optometrist and that the defendant had worked as a secretary most of her married life. The evidence further disclosed that the salary of the defendant had been placed in their joint account; that their joint tax returns for a period of 4 years, including returns for 1962, 1963, 1964 and 1965, showed that defendant had contributed $13,167.14 to the family welfare and that plaintiff's contribution was a minus $118.08. This minus contribution by plaintiff, as testified to by defendant, was caused by an outside venture (undisclosed) that had nothing to do with his practice but which caused his practice and income to suffer.

It is evident that the money and property accumulated during their married life was very meager, no doubt due to a large extent upon the outside venture which evidently proved to be very unprofitable.

The newly discovered evidence relied on by defendant was the diagnosis made by a doctor several months after the entry of the decree.

■ The law is well settled that six requirements are necessary for the granting of a new trial on the grounds of newly discovered evidence. Bates v. Winkle, 208 Okl. 199, 254 P.2d 361; Richardson v. Davis, Okl., 439 P.2d 949. The requirements are (1) must have been discovered since the trial; (2) could not have been discovered before the trial by exercise of due diligence; (3) must be material to the issue; (4) must not be merely cumulative to the former evidence; (5) must not be merely to impeach or contradict the former evidence; (6) must be such as will probably change the result in the event a new trial is granted.

■ It is noted that the motion for new trial was heard by the same judge who presided at the original trial. The sixth requirement above stated is that a new trial will probably change the result. The trial court presumably considered the instruments offered in support of the motion. The trial court no doubt considered plaintiff's financial circumstances and his ability to pay more than the amount provided for in the decree. The trial court had all the facts before it and its refusal to grant a new trial indicated that the result contained in the decree would probably not be changed if a new trial was granted.

■ The granting of a new trial on the ground of newly discovered evidence rests to a large extent in the discretion of the trial court and its decision will not be disturbed where no abuse of discretion is shown. Abrams v. Neal, Admr., 182 Okl. 560, 78 P.2d 1049; Berline v. Berline, 151 Okl. 170, 2 P.2d 1029; Title 12 O.S.A. § 651, Subdivision 7.

■ Under the facts and circumstances of the case we are of the opinion and hold that the trial court did not abuse its discretion in refusing to grant a new trial.

Affirmed.

IRWIN, C. J., BERRY, V. C. J., and BLACKBIRD, JACKSON and LAVENDER, JJ., concur.

WILLIAMS, HODGES and McINERNEY, JJ., dissent.