**OKLAHOMA HUMAN RIGHTS COM-
MISSION, Appellant,**

v.

**WILSON CERTIFIED FOODS, INC.,
Appellee.**

**No. 46631.**

Supreme Court of Oklahoma.

May 20, 1975.

Larry Derryberry, Atty. Gen., Donald B. Nevard, Asst. Atty. Gen., James A. Mitchell, Atty. Oklahoma Human Rights Commission, Oklahoma City, for appellant.

Jopling, Blankenship & McKee, David M. Sudbury, Oklahoma City, for appellee.

LAVENDER, Justice:

A number of employees (ultimately eleven) filed twelve complaints with the Oklahoma Human Rights Commission (Commission) claiming to be aggrieved by discriminatory employment practices of their employer, Wilson Certified Foods, Inc. (respondent). In investigating the complaints, the Commission sought answers to written interrogatories under then 25 O.S. 1971 § 1501(6). It provides in part:

"Within the limitations provided by law, the Human Rights Commission * * * has the following additional powers:

(6) to require answers to interrogatories, under the procedures established by 12 Oklahoma Statutes, § 549, * * *."[1]

Respondent filed objections before the Commission to a part of the interrogatories. Commission brought a proceeding in the district court for an order requiring those interrogatories to be answered by respondent. The district court overruled some of respondent's objections and ordered those interrogatories answered. Other objections were sustained and the respondent was not required to answer. No reason was given for the ruling. Commission appealed from that portion of the order not requiring answers.

■■■ This court dismissed the appeal on motion of respondent. The dismissal order found judicial review of Commission orders provided by 25 O.S.1971 § 1506 pertained to final orders of the Commission authorized under the prior section, § 1505. The district court's order refusing to require answers to interrogatories was not such a final order. On a petition for rehearing that dismissal order was vacated and the appeal reinstated. We found the instant case not to be a § 1506, supra, appellate judicial review of a Commission order. It was an enforcement application brought under the administrative procedures act, 75 O.S.1971 § 315(3). The district court order was a final and appealable order under that procedure. We affirm that position.

This court's reinstatement order might suggest or imply the power to require answers to interrogatories is within the purview of inspection of records. 25 O.S.1971 § 1507. Under subparagraph (c) of that section, supra, an enforcement application as to orders issued under *that section* may be brought under 75 O.S.1971 § 315(3). The subject of this appeal is written interrogatories. The Commission's power to require answers comes from 25 O.S.Supp. 1974 § 1501(6). The Commission never argues otherwise. We are dealing solely with that additional statutory power. We are not concerned with inspection powers provided by § 1507, supra. We are not concerned with enforcement applications as to orders issued under that section, § 1507, supra.

Section 1501(6), supra, as to interrogatories only adopts the *procedures* established by 12 O.S. § 549. It does not invoke the jurisdiction of the district court to either rule upon objections to interrogatories al-

---

1. § 1501(6) gives the Commission other additional powers; to compel the attendance of witnesses, examine witnesses under oath and require the production of documents in connection with complaints filed under the Discrimination Act.

lowed by the procedure or to require answers. By statute the Commission was given the additional power to require answers to interrogatories. The procedure is the same as found in the code of civil procedure. The forum is the administrative agency sitting in a quasi judiciary capacity. The Commission inherits the civil procedure as to written interrogatives. Appellee's argument the Commission failed to adopt and file rules of practice as provided by the Administrative Procedure Act, 75 O.S.1971 §§ 302, 303, 304, and 308 is without merit as to interrogatories. The Commission need not adopt rules governing the answering of interrogatories. The civil code procedure governing interrogatories at 12 O.S.1971 § 549 is statutorily adopted as the Commission's procedure on interrogatories by § 1501(6), supra. The Commission did not receive the judicial power to enforce the answering of interrogatories as found in 12 O.S. § 549(c). There the court is not only allowed to order the interrogatories answered but also strike pleadings, enter default judgment, impose cost of proving facts, or use indirect contempt.

■ We find the enforcement, of this statutory power to require answers to interrogatories, to be under the Administrative Procedures Act. The Discrimination Act at 25 O.S.1971 § 1503(a) provides Commission hearings shall be conducted in accordance with the Oklahoma Procedures Act, 75 O.S.1971 §§ 301–327. Section 315(3), supra, reads in part:

"In case of disobedience * * * to any lawful agency requirement for information, * * * the agency may apply to the district * * * court of the county of such person's residence or to any judge thereof for an order to compel compliance with * * * the furnishing of information * * *. Forthwith the court or the judge shall cite the respondent to appear and shall hear the matter as expeditiously as possible. If, the * * * refusal is found to be unlawful, the court, or the judge, shall en-

ter an order requiring compliance. Disobedience of such an order shall be punished as contempt of court in the same manner and by the same procedure as is provided for like conduct committed in the course of judicial proceedings."

The Commission is an unique administrative agency in that it has the statutory power to use the investigation tool of written interrogatories. For it, this is a lawful agency requirement for information. Compliance may be compelled through the use of an enforcement application. Section 315(3), supra. The present case was correctly so determined by this court's order reinstating the Commission's appeal.

■ Here, all but two of the interrogatories, to which the district court sustained objections and did not order to be answered, required the respondent to prepare lists or furnish information from the respondent's files, records or documents. Only two of the unanswered interrogatories asked questions. In Norman Plumb. Sup. Co. of Oklahoma City, Inc. v. Gilles, Okl., 512 P.2d 1177 (1973), we said:

"The procedure set forth in 12 O.S. 1971 § 549, refers to written interrogatories and is limited to the asking of questions. The proper procedure for requiring production of documents is set forth in 12 O.S.1971 § 548, which provides for the discovery and production of documents * * *."

The Commission does not have right of discovery and production of document use in judicial civil procedure under § 548, supra. The right of the Commission in the investigation of a complaint before it for access to records and documents relevant to the complaint is found at § 1507, supra. It carries with it the right to examine, photograph and copy evidence. The power to require production of documents is also included as an additional power in § 1501(6), supra. In the case on appeal, only the power as to the use of written interrogatories was invoked. No request, motion or order as to production of docu-

ments is involved. This is not the right here sought to be exercised. The information sought from respondent cannot be secured through the use of written interrogatories which do not ask questions.

Two interrogatories did ask questions. They are:

> #45. How many Negro and White females respectively applied for employment with Wilson Certified Foods during the period between August 1, 1970, and August 31, 1971?

> #46. How many female Negro employees has your company employed during the years 1969, 1970 and 1971?

Respondent raised the objection of (1) not relevant to the complaints being investigated and (2) that information is not separately recorded or maintained by it. The Commission in its amended petition sets out the subject matter of each of the twelve complaints. Nine complaints allege race discrimination, and two complaints allege sex discrimination. One complaint, that of Bernice D. Byrd, alleges both race and sex discrimination.

The additional powers (including the use of written interrogatories) given to the Commission by § 1501(6), supra, is immediately conditioned in that same sub-section. "* * * said powers to be exercised only in relation to areas directly and materially related to the complaint." By reason of the Byrd complaint, the information sought in the two interrogatories are in areas directly and materially related to the investigation of that complaint.

The respondent raises as an objection the information sought is not separately maintained and recorded by it. If information sought in the answer is not within the knowledge of the respondent and not available to it, this might be the basis for a proper answer. We do not find it as grounds for an objection to answering the interrogatories. The district court should have required interrogatories #45 and #46 answered. That part of its order is reversed.

The Commission has the power to require answers to written interrogatories. Section 1501(6), supra. Its procedure as to the use of written interrogatories is the same as the civil code. Section 1501(6), supra, and 12 O.S. § 549. Enforcement of this power is through an enforcement application to the district court. 75 O.S.1971 § 315(3). An order of the district court in an enforcement application is a final order and appealable to this court.

The Commission's power to use written interrogatories cannot be used for some other investigatory power. The interrogatories are limited, the same as in district court, to the asking of questions. The interrogatories must be related to areas directly and materially related to the complaint. Section 1501(6). Use of interrogatories is not a substitute or additional power to secure documents. The order of the district court denying the answering of the interrogatories is correct, except as to interrogatories #45 and #46. The district court should order the respondent to answer interrogatories #45 and #46.

Affirmed in part and reversed in part. Remanded with instructions.

All of the Justices concur.