James WEST, Appellant,

v.

CAJUN'S WHARF, INC., Appellee.

No. 64439.

Supreme Court of Oklahoma.

July 19, 1988.

Rehearing Denied April 4, 1989.

Rob L. Pyron, Seminole, for appellant.

Ronald R. Hudson and Charles F. Alden, III, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for appellee.

SUMMERS, Justice.

Today's case turns on whether a defendant's failure to supplement its response to interrogatories should serve as the basis for granting a petition for new trial on newly discovered evidence upon a showing by plaintiff of significant prejudice to itself by reason of such failure. We find that under the circumstances before us the granting of a new trial to the plaintiff is the appropriate sanction.

The plaintiff was injured in an altercation on June 30, 1983 at an Oklahoma City restaurant and club known as Cajun's Wharf. Suit was filed alleging either willful or negligent physical abuse by a person employed by the defendant. (At pretrial plaintiff dropped the intentional tort claim and proceeded in negligence.) On December 12, 1983 plaintiff served interrogatories on defendant's counsel. Interrogatory No. 5 was as follows:

"5. On June 30–July 1, 1983, did Cajun's Wharf, Inc. employee [sic] either a security officer or a firm to provide security on the premises? If Cajun's Wharf, Inc. employed an individual officer or officers on that date, give name and address. If a firm was employed,

give firm name, address and telephone number."

Defendant's answer was:

"Yes. Logan Waldrup, address unknown."

Sometime thereafter, probably in the spring of 1984, attorney H., who as attorney for the defendant had overseen the preparation of answers to interrogatories, contacted Logan Waldrup by telephone. Waldrup, a retired policeman, who was the defendant's regular security guard, told attorney H. that he did not remember the incident, and that one Ed Dozier either (1) had worked for him that night (according to Waldrup) or (2) *may* have worked for him that night (according to attorney H.). In either event Waldrup gave attorney H. Dozier's phone number. (Waldrup also testified later that although he had an unlisted phone number he had filled out a Form W–4 for Cajun's Wharf in which he gave the employer his home address along with his social security number, number of dependents, etc. At that home address he had received his W–2 statement and, on one occasion, a paycheck). Attorney H. then called Dozier, another retired police officer. Dozier either told attorney H. (1) an eyewitness account of the employee/bouncer stomping the plaintiff as the plaintiff fell down the stairs (according to Dozier) or (2) that he did not remember the incident (according to attorney H.). It is uncontroverted that defendant's counsel did not supplement the response to interrogatories either by furnishing the address or phone number of Logan Waldrup, or the name, address or phone number of Ed Dozier. Jury trial was held March 20, 1985 and a defendant's verdict was returned.

The above references to testimony are from a hearing held in May, 1985 on plaintiff's petition for new trial based on newly discovered evidence. The petition[1] was filed April 16, 1985. By then plaintiff had located Ed Dozier, and his was the newly

---

1. 12 O.S.1981 § 655 provides:
   "Where grounds for a new trial could not with reasonable diligence have been discovered before but are discovered more than 10 days after

   the verdict or decision was rendered ... the application may be made by petition filed in the original case...."

discovered testimony for which the petition for new trial was filed.

The May 20 hearing disclosed the following sequence of events. Ed Dozier had been the security guard on duty that night, covering as he did sometimes for Logan Waldrup. His area of responsibility was the parking lot, not the interior of the building. After the altercation he rendered assistance to the injured plaintiff, who had been drinking. He told plaintiff his name (which plaintiff didn't remember), and that he lived in Prague (which plaintiff did).

In preparing for trial plaintiff tried to find "Logan Waldrup", the name defendant had given as being the security guard on duty. The actual guard (Dozier) had told him he lived in Prague, so according to plaintiff he concentrated his efforts in search of Waldrup to Prague and Lincoln County.

Finally, after trial, he ran an ad in the Prague newspaper for Logan Waldrup. Waldrup, of course, lived unlisted in Oklahoma City. Coincidentally, the ad was seen by Dozier's son who knew his dad knew Logan Waldrup, and who told his dad about it. Dozier then contacted plaintiff. Thus, the hearing on the petition for new trial came about.

That petition was denied by the trial court, which reasoned that since plaintiff found the testimony after trial, he "could have discovered it" earlier. The trial court in so holding followed a tradition that has long discouraged motions for new trial based on newly discovered evidence, *Hunter v. Hunter*, 470 P.2d 1020, 1023 (Okl. 1970), and given trial courts broad discretion in ruling on such motions. *Richardson v. Davis*, 439 P.2d 949, 951 (Okl.1968).

The Court of Appeals affirmed, but we have granted certiorari. What the case presents is an opporutnity to re-examine that time honored approach to new trials when it homes in on a collision course with the newer legal concept that requires a party to provide certain information to the other party in the early stages of a lawsuit. Part of that newer concept is codified, alongside other discovery provisions, at 12 O.S.1987 Supp. § 3203(E):

"E. SUPPLEMENTATION OF RE-SPONSES. A party who has responded to a request for discovery with a response that was complete when it was made is under no duty to supplement the response to include information thereafter acquired, except as follows:

1. *A party is under a duty seasonably to supplement the response with respect to any question directly addressed to:*

   a. *The identity and location of persons having knowledge of discoverable matters,* and

   b. The identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

2. A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which:

   a. He knows that the response was incorrect when made, or

   b. He knows that the response, which was correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

3. A duty to supplement responses may be imposed by order of the court, agreement of the parties, or at any time prior to trial through new requests for supplementation of prior responses." (Emphasis added)

In *Gifford v. Lawton,* 453 P.2d 1010 (Okl.1969) we set out the six traditional requirements for granting a new trial for newly discovered evidence:

"The requirements are (1) must have been discovered since the trial; (2) could not have been discovered before the trial by exercise of due diligence; (3) must be material to the issue; (4) must not be merely cummulative to the former evidence; (5) must not be merely to impeach or contradict the former evidence; (6) must be such as will probably change the result in the event a new trial is granted."

The trial court here denied plaintiff's petition for want of the second element.

Although we have many times reviewed the exercise of a lower court's discretion in granting or denying a new trial for evidence discovered after trial, we have not had occasion to do so where the newly discovered evidence was testimony that would have been readily available to the plantiff earlier had the defendant correctly amended its answer to interrogatory inquiring of the name and whereabouts of a potential eyewitness to the event in litigation.

It is axiomatic that the attorney's knowledge of facts requiring supplementation of a discovery response is imputed to the client. *Lundin v. Stratmoen,* 250 Minn. 555, 85 N.W.2d 828 (1957).

Since the discovery statute set out closely tracks Rule 26(e), Federal Rules of Civil Procedure, we find guidance in the decisions of the federal courts. Discovery by interrogatory requires candor in responding. *Dollar v. Long Mfg.,* 561 F.2d 613, 616 (5th Cir.1977). The duty to supplement a response, once it comes into existence, is a continuing obligation. *Weiss v. Chrysler Motor Corp.,* 515 F.2d 449 (2nd Cir.1975).

In *Edgar v. Finley,* 312 F.2d 533 (8th Cir.1963) the plaintiff, in response to interrogatories seeking names and locations of witnesses, objected, admitting knowledge of "a" witness who arrived "just after" the accident, but claiming the information was privileged because it was received by plaintiff's attorney from another attorney upon the "condition and promise that (plaintiff's attorney) would not disclose the same to the defendant herein or her attorneys." The trial court sustained plaintiff's objection and the case proceeded. On the morning of trial defendant learned that plaintiff in fact had the names and addresses of three eyewitnesses to the accident that had never been furnished the defendant. On appeal the Circuit Court made short work of the "privilege" claim, holding that lower ruling clearly incorrect, but carefully analyzed the request for new trial based on the incorrectly answered interrogatories. The plaintiff asserted lack of diligence. The appellate court noted that perhaps the defendant, after discovering the existence of the witnesses on the morning of the trial, should have brought the matter to the attention of the trial court. Nevertheless, it held that the plaintiff violated not only the spirit but the letter of the discovery rules, that the evidence was so highly relevant that it could have reasonably served to change the verdict, and that

> "[w]here a review of material evidence newly discovered after trial clearly indicates that substantial justice was not done, and where the non-prevailing party was not dilatory in failing to discover such evidence before trial, a proper motion for new trial should be granted." Id. at 538.

In *Seaboldt v. Penn. Ry. Co.,* 290 F.2d 296 (3d Cir.1961) the trial judge ordered the attorneys at pretrial "to immediately exchange all medical information." It developed that plaintiff had earlier been treated by a certain chiropractor. Plaintiff's counsel had previously advised defendant's counsel that he did not know the name nor whereabouts of such chiropractor, but as result of a later hearing it became clear to the court that plaintiff's counsel did in fact know both the chiropractor's name and location. Subsequent testimony by the chiropractor indicated he had treated plaintiff for a "chronic" back ailment. The defendant moved for a new trial. Plaintiff argued lack of prejudice and lack of due diligence. The Third Circuit Court rejected both and granted the motion for new trial.

Subdivision E of the Oklahoma statutory provision (as well as the comparable Federal Rule 26) does not impose a continuing burden on litigants to update discovery responses except as expressly provided. The Notes of the Advisory Committee on Federal Rules dealing with the same exceptions provide:

> "An exception is made as to the identity of persons having knowledge of discoverable matters, because of the obvious importance to each side of knowing all witnesses and because information about witnesses routinely come to each lawyer's attention. Many of the decisions

on the issue of a continuing burden have in fact concerned the identity of witnesses.

. . . .

Another exception is made for the situation in which a party, or more frequently his lawyer, obtains actual knowledge that a prior response is incorrect. This exception does not impose a duty to check the accuracy of prior response, but it prevents knowing concealment by a party or attorney."

■ We believe the evidence in this case, even as viewed most favorably to the defendants,[2] indicates a failure to comply with the statute requiring supplements to response. The plaintiff was entitled to know the name and whereabouts of the security guard, if the defendant or its attorney knew. The defendant gave a name but said "address unknown." The defendant's attorney then located that person and talked to him by phone. Based on that conversation the attorney learned who the true guard on duty that night probably was, and then talked to him by phone. Yet the response was never supplemented to provide any of this information to the plaintiff.

■ The defendant has always maintained that plaintiff used less than due diligence in locating the witness. Having been told at the scene by the guard on duty that his home was in Prague, we find the plaintiff reasonably confined his search for "Logan Waldrup" to that area. Logan Waldrup, the wrong guard, lived, we now know, in Oklahoma City. Plaintiff looked for Logan Waldrup in the phone book for Prague, inquired of directory assistance for Lincoln County, and even went to the Police Department in Prague. It was after trial that he ran an ad in the Prague paper with a $50.00 reward for finding Logan Waldrup, which Ed Dozier's son saw, and started the events which resulted in the hearing on the petition for new trial. We

do not believe that due diligence requires a party to offer a reward by way of newspaper advertisement in order to check the validity of a response to an interrogatory. In denying the petition for new trial for plaintiff's lack of due diligence the trial court applied pre-Discovery Code standards, without giving effect to the new statutory requirements for updating information on names and whereabouts of witnesses—requirements on which the other party should be able to reasonably rely. The trial court's bottom line was, in effect, to fix the blame on the wrong party.

■ Finally, there is the question of prejudice. Would Dozier's testimony have made a difference? The only event witnesses that testified favorably to plaintiff were himself, his brother, and one other woman customer at the restaurant. Dozier's testimony at the new trial hearing was that he was a retired, disabled police officer, on duty for the *defendant* that night, that he observed the bouncer/employee of the defendant "propelling Mr. West down the stairs and he stomped him as he was going down the stairs" (Tr. p. 56); that he (Dozier) assisted plaintiff because his right ankle was swelling rapidly and he was unable to walk on his right foot; that the bouncer used "excessive force," and was "highly excited. He enjoyed inflicting pain." (Tr. p. 64). Having also reviewed the testimony from the trial we are of the opinion that the testimony of officer Dozier establishes a fair probability that a different result would occur from a new trial.

■ There are policy reasons for treating motions for new trial on newly discovered evidence with disfavor—litigation must have an ending some place. There are also policy reasons for deterring abuse of discovery—fairness and integrity of the litigation itself. See *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (9th Cir.1978). The federal courts (being cautious in the granting of new trials) have required a showing of *significant* prejudice to meet

---

**2.** In fairness to attorney H., his version of the phone call to Dozier resulted in learning that Dozier, even if on duty that night was not an eyewitness to the event, which would make his failure to supplement much less reprehensible. Nonetheless, plaintiff had the right to know who was on duty and make his own choice as to who to call as witnesses.

the burden for a new trial for reason of failure to supplement discovery response. *Lewis Refrigerator v. Sawyer Fruit Co.,* 709 F.2d 427 (6th Cir.1983). Dozier's testimony is such a departure from the testimony of defendant's other employees that we find that plaintiff has shown significant prejudice in being without officer Dozier's testimony when presenting his case to the trier of facts.

■ We believe that a timely filed motion or petition for new trial should be granted if (1) the identity and/or location of a witness was withheld by a party or its attorney contrary to the laws or rules of discovery; (2) that witness's testimony would have been such that the moving party suffered significant prejudice by its absence; and (3) the moving party exercised due diligence on his own part prior to trial.

In the circumstances of this case the plaintiff has met his burden. The opinion of the Court of Appeals is vacated, the judgment on the jury verdict is set aside, and the case is remanded for new trial.

DOOLIN, C.J., and HODGES, OPALA, ALMA WILSON and KAUGER, JJ., concur.

HARGRAVE, V.C.J., and LAVENDER and SIMMS, JJ., dissent.

SIMMS, Justice, dissenting:

I must respectfully dissent. I would deny certiorari to the Court of Appeals thereby affirming the trial court's refusal to grant a new trial as prayed in plaintiff's petition for new trial.

The single issue before this Court on appeal is whether the trial court abused its discretion in denying a plaintiff's petition for new trial after an evidentiary hearing thereon below.

The trial court predicated its ruling upon a finding that plaintiff, with due diligence, could have discovered the whereabouts of a witness named Dozier prior to trial. A trial court has wide discretion on whether or not to grant a new trial on the grounds of newly discovered evidence. As the majority points out, the six traditional requirements for granting a new trial for newly

discovered evidence are set forth in *Gifford v. Lawton,* Okl., 453 P.2d 1010 (1969) and the sixth of these grounds is: "(6) must be such as will probably *change the result* in the event a new trial is granted." (emphasis supplied) Today's opinion departs from the teachings of *Gifford* by requiring that only significant prejudice be shown by the moving party, rather than requiring the showing the different result will probably be obtained in the new trial.

The statutory enumeration of grounds for new trial is exclusive. *Clark v. Herbert,* 132 Okl. 272, 270 P. 329 (1928). The majority creates a new and extra-statutory ground for granting new trial, i.e., as a sanction for not supplementing answers to interrogatories at the discovery stage. To me, this sanction of new trial is extremely harsh where the record shows the plaintiff had actual knowledge of the existence of the witness long prior to trial; in fact on the night of the occurrence. The record shows that on the night of the alleged tortious act, the witness Dozier furnished plaintiff with his name and address.

At the time the pre-trial order was entered, plaintiff did not list either Dozier, Waldrup, or any security guard as a witness to be called in behalf of plaintiff. Neither defendant, nor the court, was aware that plaintiff intended to call such person at trial. Nor did plaintiff make any effort at obtaining the true identity and address of the witness he knew to exist.

Armed with the knowledge of such a witness and his absence, plaintiff nonetheless went to trial without seeking a continuance. "A party will not be granted a new trial on the ground of newly discovered evidence where he went to trial knowing of its absence, unless he took proper steps for a continuance. (citations omitted)" *Lawrence v. Lawrence, et al.,* Okl., 159 P.2d 1018 (1945).

Even if Dozier were called as a witness, his testimony could only be impeaching or contradictory of other evidence, or perhaps cumulative. These do not meet the test of newly discovered evidence. See: *Lucas v. Hockett,* Okl., 469 P.2d 237 (1970).

This is not a case where counsel knew of the existence of a witness which was unknown to opposing counsel and his client and intentionally withheld this information from the other side. The purpose of these discovery procedures is to prevent "trial by ambush". I see no "bush whacking" present in this case.

I am authorized to state that Vice Chief Justice HARGRAVE and Justice LAVENDER join me in the views expressed herein.